Indira J. Cameron-Banks (Cal. Bar No. 248634)
  *Indira@CameronJones.law*
Terrence M. Jones (Cal. Bar No. 256603)
  *Terrence@CameronJones.law*
CAMERON | JONES LLP
8383 Wilshire Boulevard, Suite 800
Beverly Hills, California 90211
(424) 757-0585 | www.CameronJones.law

Attorneys for Plaintiff JANE DOE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN MAHBOUBI-FARDI a/k/a JONATHAN MAHBOUBI, an individual, DARYOUSH MAHBOUBI-FARDI a/k/a DARYOUSH MAHBOUBI, an individual, EDNA MAHBOUBI-FARDI a/k/a MAHIE MAHBOUBI-FARDI, a/k/a EDNA MAHBOUBI, an individual, N VISION MANAGEMENT, LLC a Delaware Corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. CV23-4370 JAK (Ex)<br><br>**PLAINTIFF'S MOTION TO PROCEED UNDER THE PSEUDONYM JANE DOE**<br><br>[Proposed Order]<br><br>Date:　11/27/23<br>Time:　8:30 a.m.<br>Crtm:　10B, First St.<br><br>Hon. John A. Kronstadt<br>United States District Judge |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE** on November 27, 2023, or as soon thereafter as the matter may be heard, Plaintiff Jane Doe, will, and hereby does, move this Court an Order allowing her to proceed in this litigation using the pseudonym "Jane Doe" in order to be protected from further trauma, harassment and retaliation stemming from the factual circumstances at the heart of this matter.

This motion will be made before the Honorable John A. Kronstadt, United States District Judge for the Central District of California, located at 350 West First Street, Los Angeles, CA 90012, in Courtroom 10B.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all pleadings, records, and other documents on file with the Court in this action, and upon such oral and/or documentary evidence as may be presented at, before, and after the hearing of this motion.

This Motion is made following the conference of counsel for Defendants and counsel for Plaintiff pursuant to L.R. 7-3, which took place on July 17, 2023 and continued on September 25, 2023.

DATED: October 30, 2023                    CAMERON JONES LLP

                                                  */s/ Indira J. Cameron-Banks*
                                                    Indira J. Cameron-Banks
                                                    Terrence M. Jones

                                                  *Attorneys For* PLAINTIFF
                                                  Jane Doe

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jane Doe hereby seeks permission from this Court to proceed in this matter using her initials "Jane Doe" as a pseudonym to identify herself. Plaintiff seeks to proceed in this way in order to protect herself from further harassment, physical harm, and retaliation stemming from the factual circumstances at the heart of this matter. Proceeding in this manner would promote the public's interest in creating safe environments for labor trafficking victims to report the conduct against them, and pursue legal remedies. In this instance would not prejudice Defendants, who already know the identity of Jane Doe. Thus, on balance, Plaintiff maintains that the Court should balance her interests with those of Defendants by allowing her to proceed in litigation under the pseudonym Jane Doe.

## II. RELEVANT BACKGROUND

As set forth in the Complaint, Jane Doe was a successful banking professional, with a good salary, and solid credit history, and stable home in Florida, when Jonathan Mahboubi ("Jonathan") proposed to her in 2021 and asked her to move to Los Angeles to live with him. (Compl. ¶¶ 30, 32) Unaware of his history of violence, sexual assault, and financial exploitation of women, along with his uncontrolled heroin and gambling addiction, she agreed to move, believing Jonathan to be a financially stable, sober, and responsible single father with primary custody of his son. (Id. at ¶ 31) Soon thereafter, Jonathan, along with support from his parents, quickly became violent toward Jane Doe and took steps to isolate her financially and physically. (Id. ¶¶ 34-38)

Jonathan began exacting violent beatings on Jane Doe and credible threats of physical harm, including murder, to intimidate her, isolate her, and leverage her personal assets, credit, and labor for his personal gain and addictions. (Id.) The physical violence was extreme and sadistic, and usually accompanied with

destruction of Jane Doe's personal property.  (Compl. ¶¶ 40-44, 51)  Accordingly, Jonathan forced Jane Doe to quit her remote employment in the banking industry to assume the duties of a full-time personal assistant for him, and a full-time nanny for his son, which were previously held by salaried full-time employees paid for by Jonathan's parents. (Id. ¶ 38, 41)  However Jane Doe was forced to perform these duties held by two previous full-time employees for no compensation through the use of force, threats of force, and intimidation. (Id.)

Additionally, Jonathan, again under the threat of, or actual, violence demanded and forced Doe to give him direct access to her savings, retirement and checking accounts, which he promptly drained for gambling and purchasing heroin for his own use. (Id. at ¶ 37)  He also demanded and forced Jane Doe to give him access to her credit cards, which he accessed for gambling. (Id. at ¶ 38)

Jonathan's parents encouraged this forced labor.  Jonathan's parents knowingly condoned his conduct toward Jane Doe, and then piled on demands that she perform uncompensated labor for them personally, and for their business.  (Id. at ¶ 25, 39, 44, 46, 47 58, 84)  They insisted on putting a vehicle intended for their son's use in Jane Doe's name while generally prohibiting her from using it except to drive their grandson to and from school and other appointments, or running errands for them and Jonathan. (Id. at ¶ 37)  Under constant threat of, or actual, violence, Jane Doe was forced to perform administrative and household tasks for Jonathan, and his parents and their business. (Id. at ¶¶ 41, 49)

The end of Jane Doe's relationship with Jonathan came after he defamed her to local law enforcement – falsely accusing her of violence after she tried to call the police to save her life from a particularly cruel beating by Jonathan while in his parent's home.  (Id. at ¶ 51) Jonathan threatened to kill Jane Doe if anything happened to him, scaring her into silence, and then he lied to the police officers to have Jane Doe arrested for the beating.  (Id.)

### III. JANE DOE SHOULD BE ALLOWED TO PROCEED ANONYMOUSLY TO PROTECT JANE DOE FROM THE FURTHER HARASSMENT AND RETALIATION SHE WOULD LIKELY ENDURE IF IDENTIFIED BY HER TRUE NAME

Although party names are usually required in any pleading (Fed. R. Civ. P. 10(a)), the Ninth Circuit permits the use of pseudonyms in unusual cases where concealing a party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v. Advanced Textile*, 214 F.3d 1058, 1068 (9th Cir. 2000). A party's anonymity may be preserved in a judicial proceeding where the plaintiff seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Id.* (anonymity is appropriate when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.") In determining the need for anonymity when pseudonyms are used to shield the anonymous party from retaliation, courts must consider the following factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id*. (citations omitted). In considering prejudice, "[t]he court must [] determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* Further, "the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

Jane Doe found herself the victim of a labor trafficking venture by Defendants -- her fiancé, his parents, and their business. As alleged in the Complaint, she was forced into quitting her job, and giving Jonathan access to her bank accounts, retirement accounts, and credit by routine physically beatings and/or credible threats of physical harm, including death. Further, through these physical beatings and/or

- 3 -

credible threats of harm she was forced into providing uncompensated labor services for all Defendants.  When she did eventually call the local police department to report the physical harm to her body occurring in his parents' home, Jonathan threatened to kill her and scared her into silence, he then lied to the police to have her arrested. As such there is a demonstrated history sadistic violence and retaliation by Defendant Jonathan Mahboubi toward Jane Doe.

These circumstances render this case "unusual" and thus make anonymity appropriate. *Advanced Textile*, 214 F.3d at 1068 (*United States v. Doe*, 655 F.2d at 922 n.1); see *K.H.B. ex rel. K.H.B. v. UnitedHealthcare Ins. Co.*, 2018 U.S. Dist. LEXIS 144690 (N.D. Cal. Aug. 24, 2018).Indeed, Plaintiffs have been allowed to proceed anonymously where the disclosure of the plaintiff's true identify in light of the plaintiff's profession would cause social stigma and expose them to concrete harms, *See Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (exotic dancers pursuing FLSA claims granted anonymity), or may face physical harm, *Doe v. Amazon.com, Inc.,* 2011 U.S. Dist. LEXIS 159053, (W.D. Wash. Dec. 23, 2011)( "physical harm presents the paradigmatic case for allowing anonymity").

Jane Doe lives constant fear under the long shadow of the year that she was subjected to the sadistic violence and threats by Jonathan Mahboubi.  In order to recover from this labor trafficking venture, Jane Doe has had to expend a tremendous amount of effort to heal from the trauma she endured, and secure housing without credit and employment after being unemployed, and forced to work for the Mahboubi family for free for a full year.  Jane Doe has a reasonable fear that by trying to pursue her legally available remedies, she will be subjected to further harassment and retaliation by Defendant Jonathan Mahboubi, including exposure to harm by his unsavory associates with whom he shares gambling and drug addiction.  Jane Doe fears further harassment and retaliation in the workplace and in her living situation, as

she has a reasonable fear that Jonathan Mahboubi would take steps to not simply publicize this civil action, but physically harass her in her workplace or home – in front of her employers and landlords – and his mere presence in either her workplace or apartment complex could cause her to lose either or both.  Further Jane Doe has several professional licenses, including but not limited to, those related to financial securities and real estate, that she reasonably fears could be impaired by a calculated campaign of Jonathan Mahboubi to publicly shame and humiliate her, and isolate her from being able to secure and maintain gainful employment  -- much like he has done in the past as alleged in the Complaint.  *See Starbucks Corp. v. Sup. Ct.* 168 Cal.App.4th 1436, 1452 n.7 (2008) ("The judicial use of 'Doe plaintiffs' to protect legitimate privacy rights has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the World Wide Web.")

Jane Doe's fears are reasonable and concrete.  Jonathan Mahboubi has a demonstrated history of extreme physical violence against Plaintiff and other women, along with lying to others (including law enforcement) to exact retribution on her. Additionally, as alleged Jonathan Mahboubi has both a gambling and heroin addiction, putting Plaintiff in fear of physical harm by not only Jonathan, but his associates as well.

**IV.    JANE DOE'S PRIVACY INTEREST OUTWEIGHS THE PUBLIC'S INTEREST IN HAVING HER TRUE NAME IDENTIFIED AND/OR ANY POTENTIAL PREJUDICE TO DEFENDANTS**

The use of a pseudonym in this case will neither prejudice Defendants nor the public's interest in full disclosure of Jane Doe's true identity. On balance, the Court should allow Jane Doe to proceed using a pseudonym in order to protect her from any further trauma, harassment and retaliation for speaking up about what happened to her.

Federal courts have adopted a balancing test between the need for anonymity and the public interest in open proceedings. As the Ninth Circuit Court of Appeals

has explained, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068. Here, there is no prejudice to Defendants, who already know Jane Doe's true full name. Further the use of a fictitious name in this case is in the public's interest of encouraging labor trafficking victims to feel safe in bring their claims against their assailants and pursue legal remedies. *Id*. at 1073.

Defendants will not be prejudiced if Plaintiff proceeds pseudonymously because it will not impede Defendants' ability to develop their case. *See Doe 1 v. Github, Inc.*, 2023 U.S. Dist. LEXIS 86983 at *20 (N.D. Cal. May 11, 2023) (concluding that the defendants would not be prejudiced because "Plaintiffs have disclosed their true names to Defendants subject to a protective order, so pseudonymity should not impede Defendants' ability to develop their case"). Further, Defendants will not have any issues securing discovery, or otherwise litigating this case while preserving Plaintiff's anonymity. *See Doe v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 43656 at *3-4 (N.D. Cal., March 24, 2017)

Nor does the public's interest weigh against permitting Plaintiffs to proceed pseudonymously. The public's interest in parties using their real names, as opposed to a pseudonym, is "loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010). "Where the plaintiffs' identities are not central to the issues raised by a case, however, the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously." *Github, Inc.*, 2023 U.S. Dist. LEXIS 86983 at *21; *see also Doe v. Cnty of El Dorado*, 2013 U.S. Dist. LEXIS 169883 at *14 (E.D. Cal. 2013)" (when plaintiff's identity "appears to have no bearing on the resolution of the issues," and "a pseudonym will not impede public access to the substance of the proceedings.") Accordingly, at this stage in litigation, Plaintiff's reasonable fear of

further trauma, harassment, and retaliation outweighs prejudice to Defendants and the public's interest, and she should be allowed to proceed under a pseudonym.

## V. CONCLUSION

As set forth herein, allowing Jane Doe to proceed under a pseudonym will adequately protect her privacy interests, by preventing further trauma, harassment, and retaliation, without impairing or prejudicing the Defendants' rights or abilities to defend themselves in this litigation, or those of the public. Accordingly, Plaintiff respectfully requests that the Court grant her permission to proceed in this litigation under the pseudonym Jane Doe in order to prevent her true full name from being publicly disclosed.

DATED: October 30, 2023

CAMERON JONES LLP

/s/ *Indira J. Cameron-Banks*

Indira J. Cameron-Banks
Terrence M. Jones

*Attorneys For* PLAINTIFF Jane Doe